UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF RICHIE MAJORS,
et al.,

        Plaintiffs,                      Case No. 16-cv-13672
                                              Hon. Mark A. Goldsmith
vs.

ROGER A. GERLACH,
et al.,

        Defendants.
_____/

## OPINION & ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 46)

On August 18, 2017, this Court entered an order granting in part and denying in part Defendants Roger Gerlach, Savithri Kakani, and Thomas LaNore's motion to dismiss (Dkt. 29).[1] See 8/18/2017 Op. & Order (Dkt. 39). The Court held that the statute of limitations had expired as to claims arising out of injuries that occurred before May 20, 2013; this included all conduct alleged with respect to Gerlach, who was dismissed from the case. See id. at 8-9. Plaintiff Re'Shane Lonzo, as the representative of the Estate of Richie Majors, now asks the Court to reconsider its order. See Pl. Mot. for Reconsideration (Dkt. 46). For the reasons that follow, the Court denies Plaintiff's motion.

### I. ANALYSIS

Motions for reconsideration may be granted when the moving party shows: (i) a palpable defect; (ii) by which the court and the parties were misled; and (iii) the correction of which will

---

[1] The motion to dismiss was also joined by Defendant Renee Vives (Dkt. 30).

1

result in a different disposition of the case.  E.D. Mich. LR 7.1(h)(3).  A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain."  Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).  The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e).  Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006).

Plaintiff argues that the Court erred in determining as a matter of law that the statute of limitations had expired.  Pl. Mot. at 2.  The Court had reasoned that the statute of limitations started to run on May 20, 2013 – three years and thirty days prior to the death of the decedent Richie Majors – because Majors "apparently had immediate notice of all facts necessary to bring a lawsuit, including the cause, effect, and perpetrators of the alleged wrongful conduct."  8/18/2017 Order at 6-7.  According to Plaintiff, neither the parties nor this Court are capable of determining whether Majors was capable of instituting legal proceedings before May 20, 2013.  Pl. Mot. at 2.  Plaintiff requests that the Court allow the parties to conduct discovery into Majors' medical and psychological history before making such a determination.  Id. at 5.

Defendants Gerlach, Kakani, and Lanore argue that Plaintiff is improperly using her motion for reconsideration to raise a new legal argument that she could have raised previously.  Def. Resp. at 1-2 (Dkt. 64).  The Court agrees.  "[A] motion for reconsideration is not properly used as a vehicle to . . . advance positions that could have been argued earlier but were not."  Smith ex rel. Smith v. Mount Pleasant Public Schs., 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003); see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) ("Rule 59(e) motions are aimed at reconsideration, not initial consideration.  Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued.") (citing FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)) (emphasis in original).

This is the first time that Plaintiff has argued that Majors was (potentially) incapable of initiating legal proceedings, and she offers no reason why she could not have put forth this argument earlier.

Nor does Plaintiff offer any new evidence in support of her position. She suggests that Majors "suffered from at least some discernable symptoms of multiple sclerosis before May 20, 2013[,]" and that "the substantial demyelinization of Major's [sic] brain and spinal cord as of September 2014 begs the question of when these pathological changes developed and whether they contributed to any behavioral or cognitive impairments[.]" Pl. Mot. at 3-4. But injury to Majors' brain and spine was not new information to Plaintiff -- Plaintiff alleged as much in her Amended Complaint.[2] And even now, Plaintiff does not argue that there is evidence that Majors was insane or otherwise mentally impaired – simply that she has "not had the opportunity to conduct meaningful discovery into Majors's mental deterioration." Pl. Mot. at 3. But Plaintiff offers no explanation why Plaintiff could not have conducted an earlier investigation into Majors' mental health, by reviewing sources of such information, such as medical records, and interviewing family and friends. Because Plaintiff's motion for reconsideration is not based on new evidence but simply an argument that she could have, but did not, bring previously, it is improper.

## II. DISMISSAL OF OTHER DEFENDANTS

In connection with its opinion and order dismissing Defendant Gerlach and limiting Plaintiff's claims to conduct occurring on or after May 20, 2013, the Court directed Plaintiff to show cause as to why it should not apply its statute-of-limitations holding to Defendants who did not join in the motion to dismiss but nonetheless appear to be entitled to relief. See 8/18/2017

---

[2] Specifically, Plaintiff alleged that "[d]uring his intake evaluation, Mr. Majors informed MDOC medical staff that he suffered from multiple sclerosis, a condition that destroys the insulation surrounding the nerve cells of the brain and spinal cord[,]" Am. Compl. ¶ 21 (Dkt. 24), and that "imaging results [in September 2014] confirmed demyelinization in Mr. Major's [sic] brain and spinal cord, consistent with a diagnosis of multiple sclerosis[,]", id. ¶ 35.

3

Order to Show Cause (Dkt. 40). In response, Plaintiff announced her intent to bring the instant motion for reconsideration, but conceded that Defendants who are on the far side of the date the Court determines cuts off liability should be dismissed. Pl. Resp. to Order at 2 (Dkt. 41). Accordingly, the Court's dismissal of claims arising out of injuries that occurred before May 20, 2013 shall apply to all Defendants. Further, Defendants Robert Prevo and Heidi Smith – whose alleged wrongful conduct took place in August 2011 – are dismissed.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. 46) is denied. The dismissal of claims for injuries that occurred before May 20, 2013 applies to all Defendants, except that Defendants Prevo and Smith are dismissed from this case.

SO ORDERED.

Dated: December 26, 2017  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 26, 2017.

s/Karri Sandusky
Case Manager