UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF RICHIE MAJORS,
et al.,

       Plaintiffs,                        Case No. 16-cv-13672
                                            Hon. Mark A. Goldsmith

vs.

ROGER A. GERLACH,
et al.,

       Defendants.
_____/

## OPINION & ORDER
## GRANTING IN PART DEFENDANT'S MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION (Dkt. 106)

This matter is now before the Court on Defendant Renee Vives's motion to determine the sufficiency of Plaintiff Re'Shane Lonzo's responses to Vives's first requests for admission (Dkt. 106). Vives served Lonzo with ten requests for admission on March 29, 2018. Lonzo's response to each request is identical: "Neither admitted nor denied for the reason that Plaintiff lacks sufficient knowledge or information to form a belief to the allegation as stated." See Pls. Resp. to Def. Vives First Set of Requests for Admission, Ex. C. to Def. Mot., at 2-3, PageID.1139-1140 (Dkt. 106-4). Vives asks that the Court either compel Lonzo to provide a proper response, or deem the matters admitted.

### I.    ANALYSIS

**A. Sufficiency of Responses**

Federal Rule of Civil Procedure 36 governs requests for admission, and as relevant here, provides:

1

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny <u>only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.</u>

Fed. R. Civ. P. 36(a)(4) (emphasis added).

Lonzo's responses to Vives's requests for admission fail to satisfy this standard. Her responses fail to state that any inquiry was made, much less that a reasonable one was made. Failure to do that is a manifest violation of the rule. See Drutis v. Rand McNally & Co., 236 F.R.D. 325, 330 (E.D. Ky. 2006) ("[A]n answering party must conduct a reasonable inquiry and answer a RFA if the information is readily obtainable, even though the answering party has no personal knowledge of the facts.").

Lonzo's arguments in response to the motion are entirely without merit. She appears to argue that she needed the deposition of Vives to respond fully, but according to Vives, Lonzo has never requested that deposition. Further, the requests seem answerable from medical records or MDOC materials, without the need of a deposition, given that nine of the requests "ask specific question about which services Renee Vives provided or owed Richie Majors," Pl. Resp. at 3, PageID.1153 (Dkt. 107), and the other question "asks about the MDOC's policies concerning prescription medication," id. In any case, whatever impediments to answering the requests should have been recited in the responses, not in opposition to the motion. That goes for any other reasons for failing to admit to which Lonzo alludes, such as the fact that discovery had closed, or that she was awaiting a ruling from the Court on a pending motion to extend the schedule, or that service of the requests may not have been proper.

Lonzo is, therefore, ordered to provide supplemental responses to Vives's first requests for admission. To the extent that Lonzo makes a reasonable inquiry and the information that she knows or that is readily accessible to her is insufficient to enable her to admit or deny the request, she must so state in her response, as required by the Rule. Boilerplate responses that she simply lacks knowledge or information do not suffice. 8B Charles Alan Wright, et al., Federal Practice & Procedure § 2261 (3d ed.) ("A general statement that it can neither admit nor deny, unaccompanied by reasons, will be held an insufficient response.").

### B. Attorney Fees and Costs

Vives also requests that the Court award attorney's fees. Federal Rule 37(a)(5)(A) provides that if a party's motion to compel a discovery response is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The court must not order payment if the movant filed the motion before attempting in good faith to obtain the disclosure without court action, the opposing party's action was substantially justified, or other circumstances make an award of expenses unjust. Id.

Vives's counsel stated that he communicated via e-mail with opposing counsel regarding the nature of the relief to be sought by way of the instant motion and opposing counsel expressly denied concurrence. See Def. Mot. at ii, PageID.1110. Further, the Court finds that Lonzo's actions were not substantially justified, as they failed to comply with the text of Rule 36. Accordingly, Lonzo's counsel is ordered to pay the reasonable expenses incurred by Vives in making this motion.

## II. CONCLUSION

For the reasons stated, Vives's motion to determine the sufficiency of Plaintiffs' responses to Defendant's first set of requests for admission (Dkt. 106) is granted, in part. Plaintiff Re'Shane Lonzo is ordered to provide supplemental responses to Vives's first set of requests for admission no later than 14 days from the entry of this Order. Vives shall file an affidavit showing the hours spent on the instant motion and counsel's hourly rate within seven days; Lonzo shall file a response within 14 days thereafter.

SO ORDERED.

Dated: July 16, 2018
    Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 16, 2018.

s/Karri Sandusky
Case Manager