UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF RICHIE MAJORS,
et al.,

        Plaintiffs,                         Case No. 16-cv-13672
                                                         Hon. Mark A. Goldsmith
vs.

ROGER A. GERLACH,
et al.,

        Defendants.
_____/

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 90)**

      Plaintiff Re'Shane Lonzo, as the representative of the estate of Richie Majors, initiated this civil rights lawsuit on October 14, 2016 against twelve individual defendants. One Defendant, Dr. Susan Howard, moves to have the case against her dismissed due to Lonzo's alleged failure to timely serve the summons and complaint. See Dkt. 90. For the following reasons, Dr. Howard's motion is granted.

    **I.    BACKGROUND**

      Lonzo initiated this action on October 14, 2016, see Dkt. 1, and summonses were issued on October 17, 2016, see Dkt. 2. Lonzo apparently attempted to serve Dr. Howard at the Michigan Department of Corrections, but on November 28, 2016, the Michigan Department of Corrections returned the summons, stating that it was unable to accept service on behalf of Dr. Howard. See Dkt. 7. There is no indication that Lonzo made any additional attempts to serve Dr. Howard before the summonses expired on January 16, 2017. Lonzo filed an amended complaint on March 21,

1

2017, see Dkt. 24, but never sought to extend the original summonses or have new summonses issued.

On February 28, 2018, Lonzo successfully sent Dr. Howard the waiver of service at her personal residence. On April 10, 2018, Dr. Howard, through her counsel, executed the waiver of service. See Ex. 1 to Pl. Resp. (Dkt. 103-1). Dr. Howard's counsel returned the executed waiver to Lonzo's counsel on April 16, 2018. Lonzo filed the waiver of service on the docket on April 23, 2018. See Dkt. 86.

Dr. Howard then filed the instant motion to dismiss, arguing that dismissal is warranted because (1) Lonzo failed to serve her within the time required by Federal Rule of Civil Procedure 4(m); (2) Lonzo has failed to prosecute the action against Dr. Howard, entitling her to dismissal under Federal Rule of Civil Procedure 41(b) and this District's Local Rule 41.2; and (3) the statute of limitations has expired, barring Lonzo's claims. See Def. Mot. at ii, PageID.864.

## II.    ANALYSIS

### A. Dismissal pursuant to Federal Rule of Civil Procedure 4

Dr. Howard argues that dismissal is warranted pursuant to Federal Rule of Civil Procedure 4(m), which provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

There is no dispute that Dr. Howard was not served within ninety days after the complaint was filed. Lonzo does not argue that there exists good cause for her failure to serve the complaint within the required time frame. Instead, she argues that regardless of the absence of good cause,

2

the Court still has discretion as to whether to dismiss the complaint or to allow service to be perfected within a specified time. Pl. Resp. at 3-4, PageID.1089-1090 (Dkt. 103).

Lonzo points to Slenzka v. Landstar Ranger, Inc., 204 F.R.D. 322, 326 (E.D. Mich. 2001), where the court examined five factors to determine whether an exercise of its discretion to extend the period for service was appropriate:

> whether (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

The Court finds that Lonzo has not shown good cause for her failure to serve Dr. Howard within the ninety-day period allowed, nor has she shown that the Court should exercise its discretion to extend the period for service. The factors provided in Slenzka weigh against permitting any extension.

First, a significant extension of time would be required. There has been a lapse of 462 days between the day the summons expired (January 16, 2017) and the day that Lonzo filed the executed waiver of service on the docket (April 23, 2018).[1] The Slenzka court found that this factor weighed against the plaintiff where nearly 120 days had passed following expiration of a summons. 204 F.R.D. at 326.

Lonzo argues that no extension of time is required, since Dr. Howard has actual notice of the suit and waived service of summons. Pl. Resp. at 5, PageID.1091. She points out that the waiver itself states that the signor "waive[s] any objections to the absence of a summons or of

---

[1] Federal Rule 4(d)(4) "deems service to have occurred at the time the waiver is filed, not when the complaint and request for waiver is received." Charles Alan Wright, et al., 4B Fed. Prac. & Proc. Civ. § 1137 (4th ed.).

service." Ex. 1 to Pl. Resp. (Dkt. 103-1). But Dr. Howard convincingly responds that "'[t]he only issues that are eliminated by the waiver are those involving sufficiency of the summons or sufficiency of the method by which the summons is served'; the waiver does not preclude a challenge under Rule 4(m)." Patel v. Dameron Hosp., No. 99-1275, 2000 WL 35619441, at *2 (E.D. Cal. June 23, 2000) (quoting Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (TRG 1999), § 5:157, pp. 5-31); see also United States v. Coldwell Banker Bullard Realty Co., No. 08-3427, 2009 WL 10664944, at *4 (N.D. Ga. July 22, 2009) (rejecting plaintiff's argument that defendant's act of waiving service of process also waived his ability to argue that the timeliness of service was insufficient, and noting that "the limited federal case law construing Fed. R. Civ. P. 4(d)(4) with Fed. R. Civ. P. 4(m) suggests that plaintiffs have an obligation to seek waivers of service of process in a timely manner"). The Court concludes that Dr. Howard's waiver of service did not waive the requirement that Lonzo complete service within ninety days, and the Court would therefore need to extend the deadline by 462 days.

Three of the remaining four factors also weigh against extending the time period for service. This case has progressed far beyond its early stages – fact discovery closed on March 30, 2018, and the parties' dispositive motions are due at the end of this month. See 9/28/2017 Case Management & Sched. Order (Dkt. 66). To require Dr. Howard to participate in the litigation at this advanced stage would result in severe prejudice. Lonzo argues that she has asked the Court to extend the discovery period, but the Court has denied that motion by separate order today. As to the third factor, there is no indication that Dr. Howard had actual notice of this lawsuit prior to receiving the waiver of service in February 2018. The final factor, whether the plaintiff has made any good faith efforts to effectuate service of process, also weighs against Lonzo. Lonzo did attempt to serve Dr. Howard in 2016, when she apparently mailed a waiver of service to the

Michigan Department of Corrections. But the unexecuted waiver of service was docketed on November 28, 2016, and there is no indication that Lonzo made <u>any</u> additional efforts to serve Dr. Howard until February of 2018.

The sole factor in Lonzo's favor is the prejudice that would result were the Court to refuse to extend the time for her to serve Dr. Howard. Although Rule 4(m) requires dismissal to be without prejudice, such dismissal would likely amount to dismissal with prejudice, as the statute of limitations may have run on Lonzo's claims.[2] Nonetheless, the Court believes that dismissal is warranted. Lonzo's failure to serve Dr. Howard is no one's fault but her own. She offers no explanation as to why she did not serve Dr. Howard at her personal residence at any point between November 2016 and February 2018. Nor does she explain her failure to ask the Court for an extension of the summons prior to its expiration, or to ask for a new summons to issue. The failure to serve Dr. Howard appears to be attributable only to a lack of diligence by Lonzo.

As such, the Court will dismiss the action against Dr. Howard without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**B. Dismissal for Failure to Prosecute**

Dr. Howard asks in the alternative for dismissal for a failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), which "operates as an adjudication on the merits," and this District's Local Rule 41.2. "The dismissal of 'a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" <u>Wu v. T.W. Wang, Inc.</u>, 420 F.3d 641, 643 (6th Cir. 2005) (quoting

---

[2] Dr. Howard argues in both her original and reply briefs that the statute of limitations has expired. Lonzo does not address this issue in-depth in her response brief, but does concede that she "would experience substantial prejudice because the lawsuit against Defendant Howard may be time-barred." Pl. Resp. at 5, PageID.1091 (Dkt. 103).

Stough v. Mayville Cmty. Schs., 138 F.3d 612, 614-615 (6th Cir. 1998)). The court considers four factors in deciding whether to dismiss pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999). As the Court is unconvinced that these factors weigh in favor of dismissal, it declines to dismiss the case against Dr. Howard pursuant to Federal Rule 41(b).

As to the first factor, the Sixth Circuit explained that "willfulness, bad faith, or fault" requires "either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." Prime Finish, LLC v. ITW Deltar IPAC, 608 F. App'x 310, 314 (6th Cir. 2015) (quoting Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008)). It is a close question as to whether this standard is met here. While the failure to serve a defendant for over a year is certainly careless – and perhaps even shows a disregard for the effect of such failure on the Court, Dr. Howard, and the other Defendants in this case – there is no indication that Lonzo intended to thwart the judicial proceedings. The failure to serve seems attributable, at most, to simple negligence.

The second factor is clearly met; as discussed above, Dr. Howard is prejudiced by the failure to effect timely service. Lonzo was not warned that failure to serve would result in dismissal, although "at the minimum, attorneys should be charged with knowledge of the Federal Rules of Civil Procedure," Pinion v. Dow Chemical, U.S.A., 928 F.2d 1522, 1533 n.11 (11th Cir. 1991), particularly the time limits regarding service. As to the final factor, Dr. Howard argues that

6

there is no lesser sanction that fits the circumstances of the case. While the Court agrees that dismissal is the only correct result, dismissal without prejudice is more appropriate.

Accordingly, the Court declines to dismiss the action pursuant to Rule 41(b).

**C. Statute of Limitations**

Finally, Dr. Howard argues that the statute of limitations has expired on Lonzo's claims. She contends that the statute of limitations is three years and thirty days, and that the filing of Lonzo's complaint only tolled the statute of limitations for ninety days; that is, until the summons expired. Def. Mot. at 5, PageID.872. Thus, the statute of limitations began to run anew after the summons expired on January 16, 2017, and there is "no conceivable calculation of the statute of limitations" where it has not expired at this time. Id. at 6, PageID.873.

Assuming that Dr. Howard is correct regarding the law, she does not adequately explain how the allegations in the complaint establish when the statute of limitations began to run. In her reply brief, she points to paragraph 34 of the amended complaint to argue that the statute began running on September 5, 2014. See Def. Reply at 5, PageID.1104 (Dkt. 105). But this paragraph in the complaint states only that "[b]y September 2014, Mr. Majors required a wheelchair with an attendant . . . and not one of his treating physicians sought to independently confirm his multiple sclerosis diagnosis." Am. Compl. ¶ 34 (Dkt. 24). Dr. Howard does not explain how the Court can conclude that the statute of limitations began running on September 5, 2014, such that it has now expired. It is not this Court's job to fashion an argument for a party who has not made her argument clearly. See Boynton v. Headwaters, Inc., 737 F. Supp. 2d 925, 930 (W.D. Tenn. 2010) ("It is not [a court's] job, especially in a counseled civil case, to create arguments for someone who has not made them . . . .") (quoting Yeomalakis v. FDIC, 562 F.3d 56, 61 (1st Cir. 2009)). Accordingly, the Court declines to grant Dr. Howard's requested relief on this basis.

7

## III. CONCLUSION

For the foregoing reasons, Defendant Dr. Susan Howard's motion to dismiss (Dkt. 90) is granted by dismissing claims against her without prejudice.

SO ORDERED.

Dated: August 29, 2018　　　　　　　　　　s/Mark A. Goldsmith  
　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 29, 2018.

　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky  
　　　　　　　　　　　　　　　　　　　　　　Case Manager