## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

The Estate of RICHIE MAJORS, deceased;
and RE'SHANE LONZO in her capacity as
the Personal Representative of the Estate of
Richie Majors,

    *Plaintiffs*,

v.

ROGER A. GERLACH, et al.

    *Defendants*.

Case No. 2:16-cv-13672

Hon. Mark A. Goldsmith
Mag. David R. Grand

---

### **PLAINTIFF'S MOTION TO NAME MEDICAL EXPERTS**

NOW COMES Plaintiff, by and through counsel, Solomon Radner and Radner Law Group, PLLC, and state as follows:

The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief. Opposing counsel denied concurrence.

Plaintiff respectfully requests that this Honorable Court GRANT her motion.

                            Respectfully Submitted,

By:   */s/ Solomon M. Radner*
       Solomon M. Radner (P73653)
       Attorney for Plaintiff
       17515 West Nine Mile Road, Suite 1175
       Southfield, MI 48075
       (877) 723-6375

Dated: March 18, 2022       Solomon@RadnerLawGroup.com

i

## **LOCAL RULE CERTIFICATION**

      I, Solomon M. Radner, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                                            */s/ Solomon M. Radner*
                                            Solomon M. Radner

Dated: March 18, 2022

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

The Estate of RICHIE MAJORS, deceased; and RE'SHANE LONZO in her capacity as the Personal Representative of the Estate of Richie Majors,

    *Plaintiffs*,

v.

ROGER A. GERLACH, et al.

    *Defendants*.

Case No. 2:16-cv-13672

Hon. Mark A. Goldsmith
Mag. David R. Grand

## **PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION TO NAME MEDICAL EXPERTS**

# INTRODUCTION

This case involves the slow, painful, and deliberate death of Mr. Majors while he was an inmate at the Michigan Department of Corrections. Mr. Majors was mistreated and eventually deteriorated until he died as a result of a treatable disease. The general pertinent procedural posture of this case is as follows:

- 10/14/2016 – Complaint filed (ECF #1)
- 3/21/2017 – Amended Complaint filed (ECF #24)
- 8/18/2017 – Order granting in part Motion to Dismiss (ECF #29)
- 8/29/2018 – Order Granting Defendants' Motion to Dismiss (ECF #125)
- 3/18/2019 – Order Granting Corizon's Motion for Summary Judgment (ECF #170)
- 3/18/2019 – Judgment entered; case dismissed (ECF #171)
- 4/17/2019 – Notice of Appeal filed by Plaintiff (ECF #172)
- 7/28/2020 – Opinion from Court of Appeals reversing in part (ECF #175)
- 8/20/2020 – Appeal Mandate from Court of Appeals (ECF #176)
- 6/3/2021 – Plaintiff's Motion to Open Limited Discovery (ECF #178)
- 6/16/2021 – Defendants Response (ECF #183)
- 6/23/2021 – Plaintiff's Reply (ECF #184)
- 12/16/2021 – Order Denying Plaintiff's Motion (ECF #185)
- 3/11/2022 – extremely futile settlement conference with Judge Grand

## **LEGAL STANDARD**

Plaintiff is essentially asking the court, again, to reopen discovery, but this time based on brand new caselaw as explained herein. Obviously, should the Court allow Plaintiff to name experts, the defendants will want an opportunity to receive expert reports and take expert discovery – all of which would be reasonable requests, and Plaintiff does not object to that. Trial courts have "broad discretion over discovery matters." *Victory Lane Quick Oil Change, Inc. v. Hoss*, 2009 U.S. Dist. 22579, at *2 (E.D. Mich. Mar. 20, 2009) (citing *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999)). This court has explained that "[i]n determinizing whether to reopen discovery, courts are to consider five factors: (1) whether the movant has demonstrated good cause for reopening discovery; (2) whether the need for additional discovery was precipitated by the neglect of the movant or by the party opposing the motion to reopen; (3) the specificity of the discovery that is sought; (4) the relevant of the discovery sought; and (5) whether the party opposing the motion to reopen discovery will be prejudiced." *Id.* at *2-3 (citing *Trepel*); *see also Morgan v. Gandolf, Ltd.*, 165 F. App'x 425, 431-432 (6th Cir. 2006) (used same factors to determine that district court abused its discretion by denying plaintiff's request to reopen discovery). Plaintiff's has good cause for limited discovery. Simply put, this is brand new caselaw – allowing it to deal a fatal blow to Plaintiff's claim at this extremely late juncture would be patently unfair.

After Plaintiff filed her last Motion (ECF #178), a published Sixth Circuit Opinion was issued, which deals a potentially fatal blow to Plaintiff's case. In *Phillips v. Tangilag*, 14 F.4th 524, 529, 2021 (6th Cir. 2021), the Sixth Circuit created brand new caselaw, which has never been the law of land before before and was certainly not the law that applied to the instant case at any point in the proceedings prior to September 17, 2021 – the date this new sixth circuit caselaw was created. The Court ruled, "Because Phillips lacks expert evidence suggesting that his doctors were grossly incompetent, we agree with the district court's rejection of his Eighth Amendment claim. Because his other claims also lack merit, we affirm." *Id*. Prior to this ruling, an expert was not necessary to proceed to a jury in a deliberate indifference action. Now, an expert likely is needed.

That said, there are stark differences between the *Phillips* case and the case at hand.

1. **"NO CARE AT ALL" VS "EXTENSIVE CARE"**

First and foremost, there is the issue of whether or not any care at all was provided to Mr. Majors. In *Philips*, the Court ruled "This undisputed evidence shows that Phillips received extensive care." *Id*, 536. In contrast, while discussing the case at hand the Sixth Circuit found that:

> "…a reasonable jury could find that Majors' need for treatment was "obvious"—he had a documented diagnosis of MS and history of both Interferon and steroid treatment—and that the treatment rendered by Kakani was "so cursory as to amount to no treatment at all," Terrance,

> 286 F.3d at 843–44, thereby satisfying the objective component, Rhinehart, 894 F.3d at 737. Rather than treat Majors' MS symptoms or even request an MRI to monitor his disease**, Kakani did nothing beyond evaluate him in May 2013 and record her notes**. Yet a May 21, 2013, treatment note reveals that she personally knew that Majors had been diagnosed with MS in 2005, had been previously treated with Interferon, and that his last recorded MRI was in June 2008. R. 119, MDOC Records, PageID # 1475."

*Court of Appeals Opinion*, ECF #175 Pages 16 of 36 and 17 of 36). (Emphasis added by Plaintiff.)

This is why Plaintiff stated herein that the *Phillips* case is only a "potentially" fatal blow to her case – because the plaintiff in *Phillips* received "extensive care", whereas the Sixth Circuit determined that a jury could find that Mr. Majors received "no treatment at all."

## 2. **THE INSTANT CASE IS LIKE *BLACKMORE*.**

The *Phillips* court distinguished Mr. Phillips from *Blackmore v. Kalamazoo County*, 390 F.3d 890, (6th Cir. 2004), as follows:

> "This debate over how to prove a "serious medical need" is beside the point. We can assume that the mass on Phillips's leg showed that need. Unlike in this case, no treatment decisions were at issue in *Blackmore*. There, the prisoner sued sheriff's deputies who did not seek medical intervention despite his severe pain. *Blackmore*, 390 F.3d at 893 n.1, 894. We held that a jury could find it "obvious" that these (non-medical) deputies should have requested medical help sooner. *Id.* at 900. (When they did, a nurse diagnosed appendicitis and sent the prisoner to surgery. *Id.*) In this case, by contrast, Phillips received substantial care and challenges the medical judgments of medical professionals. Our cases require expert testimony for this different type of challenge—as *Blackmore* recognized. *Id.* at 898; *see also Anthony*, 701 F. App'x at 464.

*Phillips*, 537.

In the case at hand, the Court of Appeals was clear that a jury could find that Mr. Major's lack of care amounted to no care at all. Mr. Majors' need for care, however, was painfully obvious even to a layman. Thus, we should be able to proceed to trial even without an expert. ECF #175 Pages 16 of 36 and 17 of 36.

### 3. <u>**YES, THIS IS BRAND NEW CASELAW**</u>

Defendants may argue that *Phillips* does not establish anything new and that the *Phillips* principles are longstanding legal principles, i.e. that an expert is needed in all medical cases. However, that is wrong. The *Phillips* Court explained *Rinehart* and *Napier*, as only <u>***typically***</u> requiring medical experts:

> "For prisoners to prove grossly inadequate care, moreover, courts generally require them to introduce medical evidence, **typically** in the form of expert testimony. *See Rhinehart*, 894 F.3d at 737, 740-43; *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

*Phillips,* 535. (Emphasis added by Plaintiff.)

The word "typically" is a significant one – it is not all inclusive. It necessarily means "not in every case." Contrast that with what the Sixth Circuit found in the case at hand, ECF #175, Page 17 of 36 in which the Court of Appeals explicitly analyzed *Rinehart*, and still found in favor of the plaintiff when it reinstated the instant action. Thus, based upon all pre-*Phillips* caselaw, the case at hand survives to a jury, even without a retained medical expert.

### 4. *RES IPSA LOQUITOR.*

The *Phillips* Court went on,

> Under the "*res ipsa loquitur*" exception, a patient does not need expert testimony about the standard of care if an ordinary person could conclude that a certain result would not happen if the doctor had performed with the proper skill. *See Perkins*, 828 S.W.2d at 655. Think of a surgeon who leaves a scalpel blade in a patient's body. *See City of Somerset v. Hart*, 549 S.W.2d 814, 817 (Ky. 1977). But nothing of the sort occurred here. Although Phillips alleges that he continues to suffer pain, that allegedly poor result does not suffice by itself. *See Perkins*, 828 S.W.2d at 655. And he identifies no other conduct or facts that could be explained by negligence alone.

*Phillips*, 540.

In this *res ipsa loquitor* analysis, the *Philips* court itself seems to acknowledge that a case may not necessarily need an expert if it is so clearly obvious that even a layman can see the likely result of the defendants' actions. For example, if a man is being successfully treated for multiple sclerosis with Interferon ands steroids, and then is taken off of it for absolutely no reason, and then person deteriorates over the next couple years and eventually dies a low and painful death, no expert is needed because of how obvious it is what the result would be. In fact, that was exactly the Sixth Circuit's reasoning in reinstating the case at hand. See the Court of Appeal's explanation in general at ECF #175 Pages 16 of 36 and 17 of 36. The obvious nature of Plaintiff's medical needs and the obvious indifference demonstrated by the remaining defendants, form the basis of the Court of Appeals opinion.

### 5. **THE COURT OF APPEALS MAKES CERTAIN FINDINGS**.

In analyzing the relevant caselaw, it is important to point out certain conclusions that the Sixth Circuit made that are now binding on this court:

a. "In the present case, Kakani ignored Majors' MS." ECF #175, Page 18 of 36.)

b. "Kakani ignored the documented signs of Majors' MS in refusing to treat him or even request diagnostic testing. Both decisions significantly delayed his treatment, exacerbated his symptoms, and allowed for the irreparable progression of his debilitating disease." *Id*, Page 21 of 36.

c. "Majors' MDOC records from this time are replete with evidence of severe MS." *Id*, Page 21 of 36.

In analyzing the *Blackmore*, *Phillips*, and *Rinehart* cases, it is important to note these findings. These findings are literally impossible to confuse with the defendant acting based on medical opinion, even without a retained medical expert.

## **CONCLUSION**

Plaintiff respectfully requests that this Court enter an order allowing Plaintiff to retain experts and provide their reports to Defendants, and to further allow Defendants as a reasonable amount of time to depose Plaintiff's experts, should the defendants wish to do so. Should the Court deny the instant Motion, Plaintiff respectfully requests, that this court make a finding that this case may proceed to a jury without an expert, even in light of *Phillips*.

                              Respectfully Submitted,

                              Radner Law Group, PLLC

By:   */s/ Solomon M. Radner*
Solomon M. Radner (P73653)
Attorney for Plaintiff
17515 West Nine Mile Road, Suite 1175
Southfield, MI 48075
(877) 723-6375
Dated: March 18, 2022        Solomon@RadnerLawGroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March 2022, I served all opposing counsel with a copy of the foregoing document, by filing same with the Clerk of Court using the CM/ECF system which will send notification of such filing electronically to all counsel of record.

                        */s/ Solomon M. Radner*
                        Solomon M. Radner