UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF RICHIE MAJORS, et al.,

          Plaintiffs,

                                     Case No. 16-cv-13672

v.

                                     HON. MARK A. GOLDSMITH

ROGER A. GERLACH, et al.,

          Defendants.

_____/

**OPINION & ORDER**
**DENYING (1) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 201) AND**
**(2) DEFENDANTS' MOTION FOR ORDER AND JUDGMENT (Dkt. 199)**

This action is before this Court on remand after the United States Court of Appeals for the

Sixth Circuit found that Plaintiffs' Eighth Amendment claims survived summary judgment against

two Defendants.  Pending are Defendants' renewed motion for summary judgment (Dkt. 201) and

Defendants' motion for an order and judgment in their favor (Dkt. 199).  For the reasons that

follow, the Court denies Defendants' motions.[1]

## I.  BACKGROUND

The material facts are summarized in this Court's opinion granting Defendants' earlier

motion for summary judgment, see Est. of Majors v. Gerlach, No. 16-cv-13672, 2019 WL

1242778, at *1–*5 (E.D. Mich. Mar. 18, 2019), and the Sixth Circuit's opinion reviewing that

decision on appeal, see Est. of Majors v. Gerlach, 821 F. App'x 533, 534–536 (6th Cir. 2020).

---

[1] Because oral argument will not aid the Court's decision, the motion will be decided based on the
parties' briefing.  See E.D. Mich. LR 7.1(f)(2).  In addition to Defendants' motions, the briefing
includes Plaintiffs' response to Defendants' motion for summary judgment (Dkt. 204) and
Defendants' reply in support of that motion (Dkt. 205).

### A. Richie Majors's Multiple Sclerosis Condition

Richie Majors began serving a prison sentence with the Michigan Department of Corrections at the Richard A. Handlon Correctional Facility in March 2010, at which time Majors informed medical staff that he had been diagnosed and treated for multiple sclerosis. Majors, 821 F. App'x at 535. Majors manifested two apparent MS relapses while incarcerated at that facility between March 2010 and December 2012. Id.

In December 2012, Majors was transferred to the Gus Harrison Correctional Facility, where he received care from Defendant physician's assistant Savithri Kakani. Id. He remained under Kakani's care at that facility until July 2014, when Majors was transferred to the West Shoreline Correctional Facility. Id. Here, Majors was treated by medical providers including Defendant physician's assistant Thomas LaNore. Id. at 535–536.

Majors's condition declined throughout 2015, and he suffered relapses after being discharged in October 2015. Id. at 536. Majors passed away due to conditions related to MS in a Detroit nursing home in June 2016. Id.

### B. Initiation of Present Action and Dismissal of Certain Claims

Plaintiffs are Majors's estate and Majors's sister Re'Shane Lonzo, as personal representative of his estate. They initiated this action against twelve medical providers, alleging deliberate indifference in violation of the Eighth Amendment and wrongful death under Mich. Comp. L. § 600.2922. See Am. Compl. (Dkt. 24).

This Court dismissed certain claims and one Defendant based on the expiration of the statute of limitations. See Majors v. Gerlach, No. 16-cv-13672, 2017 WL 3581321, at *4 (E.D. Mich. Aug. 18, 2017). After Plaintiffs failed to conduct any expert discovery or submit witness lists or exhibit lists, they filed a motion to extend this case's scheduling order, which this Court

denied.  <u>See</u> 8/29/18 Op. & Order Denying Pl. Mot. to Extend (Dkt. 123).  This Court subsequently

granted one Defendant's motion to dismiss based on lack of proper service.  <u>See</u> 8/29/18 Op. &

Order Granting Def. Mot. to Dismiss (Dkt. 125).

### C.  Earlier Grant of Summary Judgment

This Court then granted summary judgment in favor of the remaining Defendants on all

remaining claims.  <u>See</u> <u>Majors</u>, 2019 WL 1242778, at *14.  In granting summary judgment, this

Court recited the substance of an Eighth Amendment claim alleging deliberate indifference toward

an incarcerated individual's medical needs, which remains applicable to the issues presently before

the Court.  A plaintiff must demonstrate two components: (i) the objective component, which

"requires that the deprivation alleged be 'sufficiently serious,'" <u>id.</u> at *6 (quoting <u>Farmer v.</u>

<u>Brennan</u>, 511 U.S. 825, 837 (1994)); and (ii) the subjective component, which "requires a showing

that prison officials have 'a sufficiently culpable state of mind in denying medical care,'" <u>id.</u> at *7

(quoting <u>Blackmore v. Kalamazoo Cty.</u>, 390 F.3d 890, 895 (6th Cir. 2004) (punctuation

modified)).

To prevail on the objective prong, a plaintiff must first demonstrate that he or she had

"serious medical needs."  <u>Blackmore</u>, 390 F.3d at 896 (punctuation modified).  The plaintiff may

do so by showing that either (i) a doctor diagnosed the medical need, or (ii) "the prisoner has an

obvious problem that any layperson would agree necessitates care." <u>Phillips v. Tangilag</u>, 14 F.4th

524, 534 (6th Cir. 2021).  In addition, the plaintiff must make a sufficient showing as to the level

of care provided.  He or she can succeed by demonstrating that "doctors effectively provide[d] no

care for [the medical need]."  <u>Id.</u>  The plaintiff may alternatively show that "doctors provide[d]

some care" but that "their treatment choices [were] inadequate."  <u>Id.</u> at 534–535.  Or the plaintiff

can show that doctors "delayed care" and that the delay had a "detrimental effect" on the treatment. Id. at 538 (punctuation modified).

In relevant part, this Court found that Plaintiffs had failed to satisfy the objective prong as to their claim against Kakani based on the care she provided in 2013. Majors, 2019 WL 1242778, at *8. The Court held that Plaintiffs were required to put forth "'verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment,'" which—without a witness list—they would be unable to do. Id. (quoting Santiago v. Ringle, 734 F.3d 585, 590 (6th Cir. 2013) (finding that plaintiff could not meet objective component on claim alleging that doctor's delay in providing dermatological care caused serious injury because plaintiff did not present "medical proof")). The Court also found that Plaintiffs could not prevail on the subjective prong on this claim. Id. at *9.

Kakani also cared for Majors in 2014, and this Court determined that Plaintiffs might survive on the objective component for a claim based on Kakani's treatment in this year, but that they could not establish the subjective component. Id. at *8–*9.

As to LaNore, this Court found that Plaintiffs had failed to establish either the objective prong or the subjective prong in challenging the adequacy of LaNore's treatment. Id. at *11.

**D.  Sixth Circuit Decision**

The Sixth Circuit affirmed this Court's dismissal and grant of summary judgment on all of Plaintiffs' claims, except that it reversed the grant of summary judgment on Plaintiffs' claims against Kakani and LaNore. Majors, 821 F. App'x at 548.

**i. Kakani**

As to Plaintiffs' claim based on Kakani's care in 2013, the Sixth Circuit found that—notwithstanding the absence of "verifying medical evidence in the record"—the objective criterion

4

was satisfied because "a reasonable jury could find that Majors' need for treatment was obvious . . . and that the treatment rendered by Kakani was so cursory as to amount to no treatment at all . . . ." Majors, 821 F. App'x at 542 (punctuation modified).  The Sixth Circuit noted that Kakani was aware of Majors's MS diagnosis and Majors's complaints, but she did not "treat Majors'[s] MS symptoms or even request an MRI to monitor his disease." Id.  Rather, she "did nothing beyond evaluate him in May 2013 and record her notes." Id.  The record reflected that Kakani's only "follow-up action was to request Minnesota prison medical records detailing Majors'[s] 2008 MRI and neurology consultation." Id. (punctuation modified).  A jury could find that Kakani's response in this circumstance was the equivalent of "no treatment at all." Id. at 543 (punctuation modified).

As to Plaintiffs' claim based on Kakani's care in 2014, the Sixth Circuit again found that "a reasonable jury could find that Plaintiffs meet the objective component" because material issues of fact remained as to whether (i) Majors's condition was obvious, and (ii) Kakani's level of care was the equivalent of no treatment at all.  Id. at 543.  While under Kakani's care, Majors repeatedly "complained of MS symptoms and requested medication for them."  Id.  Although Kakani knew that Majors had suffered MS relapses and had previously received Interferon injections to treat his MS, she "neither treated Majors with Interferon nor ordered a diagnostic test to confirm his diagnosis." Id. at 535.  The Sixth Circuit noted that Kakani also referred Majors to an optometrist, id. at 544, but even taking this point under consideration, the court found that the objective prong of the claim against Kakani should be put to the jury, id. at 543.

The Sixth Circuit also found that there was a genuine issue of material fact as to whether Plaintiffs had satisfied the subjective component on claims based on Kakani's care in both 2013 and 2014 because Kakani "knew from [Majors's] records that he had MS, [knew that he] had been treated with Interferon and steroids before, and was aware of his requests to resume Interferon

treatment," and yet she "ignored the documented signs of Majors'[s] MS in refusing to treat him or even request diagnostic testing." Id. at 544. The claims against Kakani, therefore, withstood summary judgment. Id.

### ii. LaNore

The Sixth Circuit also found that Plaintiffs' claim against LaNore satisfied the objective component because there was a factual dispute as to whether (i) the medical need was obvious and (ii) Majors's needs were addressed in a reasonable time. Id. at 545. The court noted that, after Majors was transferred to LaNore's care in April 2014, "LaNore himself noted that Majors was presenting with MS." Id. at 545. Majors "had muscle spasms, he dragged his left foot, his speech was slurred, and his smile was uneven with a left-side droop." Id. Despite these symptoms and Majors's documented diagnosis of and treatment for MS, "LaNore did not evaluate him until August 12, 2014—a month after Majors arrived in West Shoreline." Id. at 546. After waiting another month for receipt of earlier medical records that never arrived, LaNore did eventually provide treatment; "on September 18, 2014, LaNore successfully requested an MRI for Majors which re-confirmed his diagnosis and resulted in the resumption of Interferon treatment the following month." Id. at 545. The Sixth Circuit found an issue of material fact on whether this care violated the objective component of Plaintiffs' Eighth Amendment claim, stating: "given the severity of Majors'[s] condition[,] his need for treatment was not necessarily addressed quickly enough." Id.

Plaintiffs also satisfied the subjective component on their claim against LaNore because "every day that Majors did not receive treatment was a day that his disease continued without any intervention designed to slow or mitigate its effects," and thus "a reasonable jury could find that

LaNore was aware of a substantial risk of serious harm to Majors and disregarded it."  Id. at 546 (punctuation modified).

## II.  ANALYSIS[2]

Before this Court are Defendants' renewed motion for summary judgment and motion for an order and judgment in their favor.  In the circumstances of this case, the law-of-the-case doctrine requires a denial of Defendants' motions.  This doctrine "precludes reconsideration of issues decided at an earlier stage of the case."  Caldwell v. City of Louisville, 200 F. App'x 430, 433 (6th Cir. 2006) (reversing district court's grant of summary judgment under law-of-the-case doctrine where Sixth Circuit had already found that substantive due process claim survived summary judgment).  The Sixth Circuit has already determined that material issues of fact preclude a grant of summary judgment on Plaintiffs' claims against Kakani and LaNore.  Majors, 821 F. App'x at 542–546.  This Court cannot depart from this decision.  See Caldwell, 200 F. App'x at 433.

There is an exception to the law-of-the-case doctrine "where a subsequent contrary view of the law is decided by the controlling authority," id. (punctuation modified), which Defendants suggest is the case here.  In Defendants' view, the Sixth Circuit's holding that Plaintiffs' claims against Kakani and LaNore survive summary judgment is no longer good law and has been implicitly abrogated by Phillips, 14 F.4th 524.  In Phillips, the Sixth Circuit found that an incarcerated plaintiff had failed to satisfy the objective prong of his Eighth Amendment medical

---

[2] In assessing whether Defendants are entitled to summary judgment, the Court applies the traditional summary judgment standard as articulated in Scott v. Harris, 550 U.S. 372, 380 (2007). The movant is entitled to summary judgment if that party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  If the movant makes an initial showing that there is an absence of evidence to support the nonmoving party's case, the nonmovant can survive summary judgment only by coming forward with evidence showing there is a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324–325 (1986).

indifference claim where he challenged the adequacy of the care he had received for an alleged swelling in his leg.  14 F.4th at 536–539.  The court assumed that the plaintiff had successfully demonstrated a serious medical need.  Id. at 536.  Nonetheless, his claim failed on the objective prong because it was "undisputed" that he "received extensive care," meaning that the plaintiff "needed to present expert medical evidence describing what a competent doctor would have done and why the chosen course was not just incompetent but grossly so."  Id.  His claim failed because he "failed to introduce any such medical evidence."  Id.

Defendants now argue that Phillips requires a grant of summary judgment in their favor, as Plaintiffs are unable to present expert witnesses in support of their medical indifference claims. See Def. Br. in Supp. Mot. Summ. J. at 17–24.  Plaintiffs, in contrast, argue that Phillips is not dispositive to the specific facts presented by their case.  See Pl. Resp. to Mot. Summ. J. at 2–5.

The Court addresses these arguments as to each Defendant, and it finds that Phillips does not trigger an exception to the law-of-the-case doctrine because it "does not directly overrule or supercede [sic] the [Sixth Circuit's] analysis previously applied to the facts in" this case.  Caldwell, 200 F. App'x at 435.  The Court, therefore, denies Defendants' motions.

### A. Kakani

Regarding Plaintiffs' claim against Kakani, Defendants submit that, "[w]ithout an expert or any other lay witness to call at trial or even an exhibit list, it is impossible for Plaintiff[s] to provide 'medical proof that the provided treatment was not an adequate medical treatment of [Majors's] condition or pain,' let alone challenge the opinions of Defendants' experts."  Def. Br. in Supp. Mot. Summ. J. at 19–20 (quoting Santiago 734 F.3d at 591).  Defendants assert that Plaintiffs will be unable to carry their burden to "'place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment,'" or to show that the "'course

of treatment was incompetent.'"  Id. at 20 (quoting Phillips, 14 F.4th at 538, 537) (punctuation modified).

Defendants have failed to upset the Sixth Circuit's holding that Plaintiffs' claim against Kakani may proceed, even without expert testimony.  The Majors court examined the specific facts relevant to Kakani's care in 2013 and determined that "a reasonable jury could find that Majors'[s] need for treatment was obvious . . . and that the treatment rendered by Kakani was so cursory as to amount to no treatment at all . . . ."  Id. at 542 (punctuation modified).  The Sixth Circuit made the same finding as to Kakani's care in 2014.  Id. at 543.

Nothing in Phillips renders this holding void.  The claim in Phillips was based on the theory that although the plaintiff received care, it was grossly inadequate.  14 F.4th at 536–539.  Phillips does not indicate that an Eighth Amendment claim based on Plaintiffs' theory in this case—that Kakani provided the equivalent of no medical treatment—requires expert testimony.  In fact, the Phillips court distinguished the case before it—one featuring "substantial care"—from Blackwood, where allegations of "obvious" medical needs and "cursory" treatment did not require this type of expert evidence.  See Phillips, 14 F.4th at 537 (citing Blackmore, 390 F.3d at 900 (reversing grant of summary judgment to officers who left plaintiff's "obvious" appendicitis condition unaddressed for two days, despite plaintiff's lack of "verifying medical evidence")).

The Majors court made clear that a "no treatment" claim like that brought against Kakani can succeed "even without such verified medical evidence."  821 F. App'x at 540 (punctuation modified).  The Sixth Circuit stated that Kakani's treatment of Majors in 2013 was "at least—if not more—deficient than that received by the plaintiff in Darrah."  Id. at 543 (citing Darrah v. Krisher, 865 F.3d 361, 370 (6th Cir. 2017) (reversing grant of summary judgment to defendants— without reference to any need for expert testimony—where plaintiff alleged that doctor's course

of drug treatment "was so ineffective . . . that it was essentially the equivalent of no treatment at all")); see also id. (citing Dominguez v. Corr. Med. Servs, 555 F.3d 543, 551 (6th Cir. 2009) (affirming denial of defendants' summary judgment motion on "no treatment" claim made without reference to expert testimony)).

And though Defendants cite Santiago, 734 F.3d at 591 in support of the asserted need for expert testimony, the Majors court explicitly distinguished the care provided in Santiago from the care Kakani provided for Majors. The court stated that "Majors'[s] treatment [by Kakani in 2013] sharply differed" from the treatment provided in Santiago—noting in the same sentence that the latter case had "required verified medical evidence." Id. at 543 (citing Santiago, 734 F.3d 585); see also id. (citing Rhinehart v. Scutt, 894 F.3d 721, 739 (6th Cir. 2018) (affirming grant of summary judgment to defendant doctors where plaintiff, rather than adequately allege "cursory treatment amounting to no treatment at all," had challenged adequacy of care, but failed to present adequate medical evidence)).

The Sixth Circuit's decision in Phillips—finding that a plaintiff could not satisfy the objective component on a theory of inadequate care—does not undermine the Sixth Circuit's standing conclusion that there is a genuine issue of material fact as to whether Plaintiffs here can meet the objective component on a "no treatment" theory, even without expert testimony. There may be merit to Defendants' arguments that Kakani adequately assessed Majors's condition while he was in her care, and that Plaintiffs cannot prove otherwise without an expert witness, see Def. Br. in Supp. Mot. Summ. J. at 19–20, but these arguments must be presented to a jury. Because Defendants have not identified any "subsequent contrary view of the law [] decided by the controlling authority," the law-of-the-case doctrine requires a finding consistent with the Sixth

Circuit's prior holding: Plaintiffs' claim against Kakani survives summary judgment.  Caldwell, 200 F. App'x at 433.

**B. LaNore**

As to Plaintiffs' claim against LaNore, Defendants argue that it will be "impossible" for Plaintiffs to demonstrate at trial that "the care provided to Mr. Majors was so cursory that it amounted to no care at all, nor will she be able to place 'verifying medical evidence . . . to establish the detrimental effect of the delay in medical treatment.'"  Def. Br. in Supp. Mot. at 23 (quoting Phillips, 14 F.4th at 538–539); see also id. at 24 (citing Santiago, 734 F.3d at 591).  In contrast, Plaintiffs insist that the Sixth Circuit already found that LaNore, like Kakani, provided the equivalent of no care at all.  See Pl. Resp. to Mot. Summ. J. at 5.

Again, the Sixth Circuit has already analyzed the law as applied to the facts presented by this claim.  The Majors court found that Majors's condition was "obvious," and that there was a question of material fact as to whether "his need for treatment was . . . addressed quickly enough." 821 F. App'x at 545.  Even without expert testimony, this claim survives summary judgment.  See id. at 545–546.

Phillips does not undermine this decision.  The Phillips court noted that a claim based on a "delay" in medical care "typically requires expert testimony," and—based on the facts specific to that case—the Phillips plaintiff needed to "'place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment.'"  14 F.4th at 538–539 (quoting Santiago, 734 F.3d at 590) (emphasis added).  Majors is consistent with Phillips in this regard.  See Majors, 821 F. App'x 539 (noting that the Sixth Circuit has "generally held that when a deliberate indifference claim is based on a delay in treatment, . . .  the plaintiff must 'place verifying medical evidence in the record . . .'") (quoting Santiago, 734 F.3d at 590) (emphasis added).

11

Although such a claim "typically" or "generally" requires verified medical evidence like expert testimony, there are circumstances in which expert testimony is not necessary. In fact, when holding that Majors's claim against LaNore survived summary judgment, the Sixth Circuit cited to two cases where medical indifference claims based in part on a delay in care survived summary judgment without any reliance on expert witnesses.[3]

The Sixth Circuit already considered the claim against LaNore on summary judgment and found that the claim survived. Majors, 821 F. App'x at 545. Phillips does not present such a sea change in medical indifference doctrine that Majors is no longer good law. In some circumstances, a plaintiff can present a case to the jury based on a delay in medical care without expert testimony. The Sixth Circuit found that this is one of those cases. Id. Defendants have identified no controlling authority that "directly overrule[s] or super[s]ede[s] the [Sixth Circuit's] analysis" on this point. Caldwell, 200 F. App'x at 435.

Defendants insist that Plaintiffs cannot establish that LaNore's level of care—which included an evaluation of Majors's symptoms and eventually resulted in treatment for MS—

---

[3] See Majors, 821 F. App'x at 545 (citing Blackmore, 390 F.3d at 899–900 (reversing grant of summary judgment to defendants, explaining: "where a plaintiff's claims arise from an injury or illness so obvious that even a layperson would easily recognize the necessity for a doctor's attention, . . . the plaintiff need not present verifying medical evidence to show that, even after receiving the delayed necessary treatment, his medical condition worsened or deteriorated. Instead, it is sufficient to show that he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame.") (punctuation modified); Darrah, 865 F.3d at 369 (6th Cir. 2017) (reversing grant of summary judgment without reliance on medical experts where "[plaintiff] ha[d] sufficiently shown that genuine disputes of material fact exist[ed] as to whether [his doctor] was deliberately indifferent for failing to provide any [] treatment during this three-month period."); see also id. (citing Mattox v. Edelman, 851 F.3d 583, 598 (6th Cir. 2017) ("[W]hen a plaintiff can show that his need for medical care was so obvious that even a layperson should recognize it, he is not required to provide objective evidence that he needed medical care at the time he was experiencing the symptoms. . . . [A] plaintiff proceeding under this theory must still show that he actually experienced the need for medical treatment, and that the need was not addressed within a reasonable time frame.") (punctuation modified)).

violated the Eighth Amendment standard, especially without the support of expert testimony.  See

Def. Br. in Supp. Mot. Summ. J. at 21–23.  These points may persuade a jury.  However, they

provide no basis for upsetting the Sixth Circuit's holding that material facts remain in dispute on

Plaintiffs' claim against LaNore.  The Court denies Defendants' motion for summary judgment.[4]

### III.  CONCLUSION

For the reasons explained above, the Court denies Defendants' renewed motion for

summary judgment (Dkt. 201) and Defendants' motion for an order and judgment in their favor

(Dkt. 199).

SO ORDERED.

Dated:  December 16, 2022                                    s/Mark A. Goldsmith
      Detroit, Michigan                                      MARK A. GOLDSMITH
                                               United States District Judge

---

[4] Defendants also move for entry of an order and judgment in their favor on their understanding
that this Court already found that Plaintiffs are precluded from proceeding to jury trial without
expert witnesses.  See Def. Mot. for O. and J. at 6–7.  Defendants are mistaken.  This Court
declined to make a dispositive finding that Plaintiffs were permitted to proceed to trial without
expert witnesses where that question was sparsely briefed, see 5/6/22 Order & Op. at 5–6 (denying
plaintiff's motion to name experts), but this Court did not affirmatively find that the absence of
expert witnesses precludes Plaintiffs' ability to proceed to trial.  The Court denies Defendants'
motion for an order and judgment.