UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF RICHIE MAJORS, et al.,

    Plaintiffs,

v.

ROGER A. GERLACH, et al.,

    Defendants.

_____/

Case No. 16-cv-13672

HON. MARK A. GOLDSMITH

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO RELY
ON DEFENDANTS' WITNESS LIST AND EXHIBIT LIST (Dkt. 202)**

Plaintiffs—the estate of the deceased Richie Majors, and his sister Re'Shane Lonzo as the personal representative of that estate—bring Eighth Amendment deliberate indifference claims against Defendants Savithri Kakani and Thomas LaNore. Plaintiffs, who failed to file their own witness list or exhibit list, move to rely on Defendants' witness list and exhibit list (Dkt. 202). For the reasons that follow, the Court grants Plaintiffs' motion in part and denies it in part, allowing Plaintiffs to (i) introduce Majors's medical records; (ii) call a records custodian to authenticate those records; and (iii) call Lonzo, Kakani, and LaNore to the stand.[1]

After Plaintiffs failed to conduct any expert discovery or to file witness lists or exhibit lists, they filed a motion to extend this case's scheduling order (Dkt. 101). This Court denied that motion. See 8/29/18 Op. & Order (Dkt. 123). After the United States Court of Appeals for the Sixth Circuit found that Plaintiffs had surviving claims and remanded this case back to this Court, Plaintiffs filed motions to amend the scheduling order to permit expert discovery (Dkt. 178) and

---

[1] The briefing also includes Defendants' response to Plaintiffs' motion (Dkt. 203). The Court held a hearing on Plaintiffs' motion on December 19, 2022.

1

to name medical experts (Dkt. 193). This Court denied these motions. See 12/16/21 Op. & Order (Dkt. 185) (finding that Plaintiffs had not been diligent in pursuing discovery and that Defendants would be prejudiced by discovery extension); 5/6/22 Op. & Order (Dkt. 197) (finding that Sixth Circuit's ruling in Phillips v. Tangilag, 14 F.4th 524 (6th Cir. 2021) did not constitute "good cause" allowing Plaintiffs to reopen discovery).

Plaintiffs now move to "rely on" the entirety of Defendants' witness and exhibit lists—i.e., to call and introduce those witnesses and exhibits as if Plaintiffs had properly included them on their own lists. Mot. at 1. This result would incentivize parties to shirk their discovery duties and rely on the opposition's trial materials instead of preparing their own. Such blanket relief has no support in the case law, and even more limited attempts, such as attempting to use an opposing party's experts, have been rebuffed. See, e.g., R.C. Olmstead, Inc. v. CU Interface, LLC, 657 F. Supp. 2d 899, 903 (N.D. Ohio 2009), aff'd, 606 F.3d 262 (6th Cir. 2010) ("The Sixth Circuit . . . generally forbids a party from calling the opposing party's expert as a witness at trial . . . .").

As Defendants correctly argue, see Br. in Supp. Resp. at 3–4, parties who fail to comply with Federal Rule of Civil Procedure 26 by not properly disclosing information or identifying a witness are generally "not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiffs' lack of diligence in failing to comply with this Court's scheduling orders is not justified. See 8/29/18 Op. & Order; 12/16/21 Op. & Order.

However, the Court finds no legally cognizable harm to Defendants for Plaintiffs to call the three named parties who remain in this action: Lonzo, Kakani, and LaNore. Courts often allow named parties to take the stand, even when those parties were not properly identified on witness

2

lists.[2] Defendants cannot claim surprise as to their own testimony, nor as to that of Plaintiff, whose identity has been known since 2016 when this action was filed.

The Court also finds that it would be harmless for Plaintiffs to introduce Majors's medical records, and to call a custodian to authenticate those records. Defendants have never suggested that they challenge the authenticity of the records, and in fact, they planned to rely on these records, see Def. Ex. List at 2 (Dkt. 93), and to call a custodial witness to authenticate the records as needed, see Def. Witness List at 41 (Dkt. 92). There is no harm in allowing Plaintiff to use uncontroversial medical records in an Eighth Amendment deliberate indifference case.

Because Plaintiffs have not demonstrated a lack of harm as to other witnesses and exhibits, the Court will not grant Plaintiffs' excessive demand to utilize the entirety of Defendants' witness and exhibit lists.

Therefore, the Court grants Plaintiffs' motion in part and denies it in part (Dkt. 202). Plaintiffs are permitted to (i) introduce Majors's medical records; (ii) call a records custodian to authenticate those records; and (iii) call Lonzo, Kakani, and LaNore.

SO ORDERED.

Dated: December 21, 2022  s/Mark A. Goldsmith
       Detroit, Michigan  MARK A. GOLDSMITH
                                                             United States District Judge

---

[2] See, e.g., Kerr v. Hurd, No. 3:07-cv-297, 2009 WL 1107809, at *1–*3 (S.D. Ohio Apr. 22, 2009) (permitting plaintiff who sought leave to file late witness list to present certain specified witnesses at trial, including named defendants); Quesenberry v. Volvo Grp. N. Am., Inc., 267 F.R.D. 475, 478–479 (W.D. Va. 2010) (disallowing most of plaintiffs' proposed witnesses who were not disclosed under Rule 26 from testifying, but allowing non-listed plaintiffs to testify, noting that "defendants were clearly aware of [their] identit[ies]").