## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Re'shane Lonzo, Personal Representative
of the Estate of Richie Majors, Deceased,

       Plaintiff,

v.

Gerlach et al,

       Defendants,

Case No.: 2:16-cv-13672
District Judge: Mark A. Goldsmith
Magistrate Judge: David R. Grand

| RADNER LAW GROUP, PLLC | CHAPMAN LAW GROUP |
|---|---|
| Solomon Radner (P73653) | Ronald W. Chapman Sr., M.P.A., |
| Keith Altman (P81702) | LL.M. (P37603) |
| *Attorneys for Plaintiff* | Devlin K. Scarber (P64532) |
| 17515 W. Nine Mile Rd. Suite 1175 | Jeffrey L. Bomber (P85407) |
| Southfield, MI 48075 | *Attorneys for Savithri Kakani, P.A.* |
| (313) 355-3425 | *and Thomas LaNore, P.A.* |
| solomon@radnerlawgroup.com | 1441 West Long Lake Rd., Suite 310 |
| keithaltman@kaltmanlaw.com | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

### DEFENDANTS SAVITHRI KAKANI, P.A. AND THOMAS LANORE, P.A.'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING INADMISSIBLE HEARSAY REGARDING RICHIE MAJORS' HEALTH AND/OR HEALTH CARE AND TO PRECLUDE PLAINTIFF FROM TESTIFYING BEYOND THE SCOPE OF FED. R. EVID. 701

NOW COME Defendants SAVITHRI KAKANI, P.A. and THOMAS

LANORE, P.A., by and through their attorneys, CHAPMAN LAW GROUP, and

request that this Honorable Court enter an Order precluding Plaintiff from

introducing inadmissible hearsay regarding Richie Majors' ("Mr. Majors") health and/or health care and to preclude Plaintiff from testifying outside the scope of Fed. R. Evid. 701.

1. The undersigned counsel certifies that on January 4, 2023, counsel communicated in writing with opposing counsel, Mr. Radner, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, but concurrence was not obtained.

2. Plaintiff filed his Complaint in this matter on October 14, 2016. (**ECF No. 1**).

3. Plaintiff filed his Amended Complaint in this matter on March 21, 2017. (**ECF No. 24**).

4. Plaintiff's claim is a deliberate indifference claim against Defendants under 42 U.S.C. § 1983. (**ECF No. 24**).

5. Specifically, Plaintiff alleges that he was deprived adequate medical treatment for multiple sclerosis while incarcerated with the Michigan Department of Corrections. (**ECF No. 24**).

6. Based upon the Court's December 21, 2022 Opinion and Order, Plaintiff cannot call other prisoners, treating medical personnel, or any other witnesses at trial.  Plaintiff can only call herself, Defendants Kakani and Lanore,

and a medical records custodian solely "to authenticate records." (**ECF No. 214, PageID.3580**).

7. Defendants believe that Plaintiff will likely attempt to introduce inadmissible hearsay regarding Richie Majors' health and/or health care.

8. First, Plaintiff will likely attempt to introduce inadmissible hearsay regarding what medical personnel told her or Mr. Majors about his health and/or health care. Additionally, Plaintiff will likely attempt to introduce what other prisoners allegedly heard medical personnel say. *See* Fed. R. Evid. 802, 803, and 804.

9. Second, Plaintiff will likely attempt to introduce inadmissible hearsay regarding conversations that she or Mr. Majors had with non-medical people (*e.g.,* other prisoners and/or MDOC staff) regarding his health and/or health care. *See* Fed. R. Evid. 802, 803, and 804.

10. Third, Plaintiff will likely attempt to testify regarding Mr. Majors' health and health care in a way that goes beyond the appropriate scope of lay testimony. *See* Fed. R. Evid. 701 and 702.

11. Fourth, Plaintiff will likely attempt to testify about statements made in Mr. Majors' medical records in a way that goes beyond the appropriate scope of lay testimony and further constitutes hearsay.  *See* Fed. R. Evid. 701, 702, 801, 802, and 803.

WHEREFORE, Defendants SAVITHRI KAKANI, P.A. and THOMAS LANORE, P.A., respectfully request that this Honorable Court enter an Order precluding Plaintiff from introducing hearsay regarding Mr. Majors' health and/or health care and from testifying beyond the appropriate scope of lay testimony.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: January 4, 2023          */s/ Devlin K. Scarber*
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Devlin K. Scarber (P64532)
Jeffrey L. Bomber (P85407)
Attorneys for Defendants Savithri Kakani, P.A. and Thomas LaNore, P.A.
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Re'shane Lonzo, Personal Representative
of the Estate of Richie Majors, Deceased,

       Plaintiff,

v.

Gerlach et al,

       Defendants,

Case No.: 2:16-cv-13672
District Judge: Mark A. Goldsmith
Magistrate Judge: David R. Grand

| | |
|---|---|
| RADNER LAW GROUP, PLLC | CHAPMAN LAW GROUP |
| Solomon Radner (P73653) | Ronald W. Chapman Sr., M.P.A., |
| Keith Altman (P81702) | LL.M. (P37603) |
| *Attorneys for Plaintiff* | Devlin K. Scarber (P64532) |
| 17515 W. Nine Mile Rd. Suite 1175 | Jeffrey L. Bomber (P85407) |
| Southfield, MI 48075 | *Attorneys for Savithri Kakani, P.A.* |
| (313) 355-3425 | *and Thomas LaNore, P.A.* |
| solomon@radnerlawgroup.com | 1441 West Long Lake Rd., Suite 310 |
| keithaltman@kaltmanlaw.com | Troy, MI 48098 |
| | (248) 644-6326 |
| | rchapman@chapmanlawgroup.com |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

## BRIEF IN SUPPORT OF DEFENDANTS SAVITHRI KAKANI, P.A. AND THOMAS LANORE, P.A.'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING INADMISSIBLE HEARSAY REGARDING RICHIE MAJORS' HEALTH AND/OR HEALTH CARE AND TO PRECLUDE PLAINTIFF FROM TESTIFYING BEYOND THE SCOPE OF FED. R. EVID. 701

## PROOF OF SERVICE

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

INDEX OF AUTHORITIES ....................................................................... iii

INDEX OF EXHIBITS ............................................................................ iv

STATEMENT OF ISSUES PRESENTED ................................................ v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ....... vi

I. STATEMENT OF RELEVANT FACTS ............................................... 1

II. LEGAL ARGUMENT ....................................................................... 2

III. RELIEF SOUGHT ......................................................................... 13

# INDEX OF AUTHORITIES

## Cases

*Bridger v. Union R. Co*., 355 F.2d 382 (6th Cir. 1966)............................................. 9

*Field v. Trigg County Hosp., Inc.,* 386 F.3d 729, 731 (6th Cir. 2004)................. 3, 4

*Heritage Mutual Ins. Co. v. Reck*, 127 Fed. Appx. 194, 196 (6th Cir. 2005) .......... 7

Gray, 29 U. Balt. L. Rev. 237 - 281.........................................................................5

*Phillips v. Tangilag*, 14 F4th 524, 535, 2021 (6th Cir. 2021). ..................... 9, 10, 11

*Pride v. BIC Corp*., 218 F.3d 566, 577-78 (6th Cir. 2000)....................................... 9

## STATUTES

42 U.S.C. § 1983 ..................................................................................................... 1

Fed. R. Civ. P. 26(a)(2)(A)(B) ................................................................................ 12

Fed. R. Evid. 602 ............................................................................................. vi, 3, 6

Fed. R. Evid. 701 .......................................................................................... 5, 6, 7, 8

Fed. R. Evid. 702 ............................................................................................. passim

Fed. R. Evid. 703 ................................................................................................ vi,12

Fed. R. Evid. 705 ................................................................................................... 12

Fed. R. Evid. 801 ............................................................................................... vi, 2

Fed. R. Evid. 802 ............................................................................................. vii, 2, 3

Fed. R. Evid. 803 ......................................................................................... vii, 2, 3, 4

Fed. R. Evid. 804 ....................................................................................... vii, viii, 2, 3

iii

## <u>INDEX OF EXHIBITS</u>

There are no exhibits attached to this brief.

## <u>STATEMENT OF ISSUES PRESENTED</u>

SHOULD THIS COURT GRANT DEFENDANTS'
MOTION PRECLUDING PLAINTIFF FROM
INTRODUCING INADMISSIBLE HEARSAY
REGARDING RICHIE MAJORS' HEALTH AND/OR
HEALTH CARE AND TO PRECLUDE PLAINTIFF
FROM TESTIFYING BEYOND THE SCOPE OF FED.
R. EVID. 701.?

Defendants Answer:                          YES.
Plaintiff Answers:                          NO.

## <u>CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT</u>

- "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703."

**Fed. R. Evid. 602**

- "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

  a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

  b) the testimony is based on sufficient facts or data;

  c) the testimony is the product of reliable principles and methods; and

  d) the expert has reliably applied the principles and methods to the facts of the case."

**Fed. R. Evid. 801**

- "Hearsay means a statement that:

  (1) the declarant does not make while testifying at the current trial or hearing; and

  (2) a party offers in evidence to prove the truth of the matter asserted in the statement."

**Fed. R. Evid. 802**

- "Hearsay is not admissible unless any of the following provides otherwise:

    - a federal statute;
    - these rules; or
    - other rules prescribed by the Supreme Court."

**Fed. R. Evid. 803**

- "The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

    …

    (4) Statement Made for Medical Diagnosis or Treatment. A statement that:

    (A) is made for — and is reasonably pertinent to — medical diagnosis or treatment; and

    (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause."

**Fed. R. Evid. 804**

- "A declarant is considered to be unavailable as a witness if the declarant:

    (1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;

    (2) refuses to testify about the subject matter despite a court order to do so;

    (3) testifies to not remembering the subject matter;

    (4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or

(5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:

    (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6); or

    (B) the declarant's attendance or testimony, in the case of a hearsay exception under Rule 804(b)(2), (3), or (4).

But this subdivision (a) does not apply if the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying.

(b) The Exceptions. The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:

    (1) Former Testimony

    (2) Statement Under the Belief of Imminent Death

    (3) Statement Against Interest

    (4) Statement of Personal or Family History

    (5) Statement Offered Against a Party that Wrongfully Caused the Declarant's Unavailability"

# I.   <u>STATEMENT OF RELEVANT FACTS</u>

Plaintiff filed his Complaint in this matter on October 14, 2016. (**ECF No. 1**). Plaintiff filed his Amended Complaint in this matter on March 21, 2017. (**ECF No. 24**). Plaintiff's claim is a deliberate indifference claim against Defendants under 42 U.S.C. § 1983. (**ECF No. 24**). Specifically, Plaintiff alleges that he was deprived adequate medical treatment for multiple sclerosis while incarcerated with the Michigan Department of Corrections. (**ECF No. 24**).

This Honorable Court is very familiar with the procedural posture of this case. Trial is currently scheduled for February 16, 2022.  In this case, Plaintiff failed to file any witness lists or exhibit lists in this matter and has no expert witnesses.  On December 21, 2022, this Honorable Court issued its Opinion and Order Granting in Part, and Denying in Part, Plaintiff's Motion to Rely on Defendants' Witness List and Exhibit List. (**ECF No. 214, PageID.3578 and 3580**).  Specifically, this court ruled that Plaintiff is only permitted to "(i) introduce Majors' medical records; (ii) call a records custodian to authenticate those records; and (iii) call Lonzo (Plaintiff), Kakani, and Lanore. (***Id.*** at 3580).

## II.   <u>LEGAL ARGUMENT</u>

**A. Under Fed. R. Evid. 802, the court should preclude as inadmissible hearsay (1) any statements from Plaintiff regarding what medical personnel told her or Mr. Majors about his health and/or health care, as well as (2) any statements regarding conversations Plaintiff or Mr. Majors had with non-medical people about his health and/or health care.**

Hearsay means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801. Plaintiff will likely attempt to introduce inadmissible hearsay regarding what she claims Mr. Majors told her about his health and/or health care, what Mr. Majors said medical personnel told him, and what Plaintiff states medical personnel told her. Additionally, Plaintiff will likely attempt to introduce statements that other prisoners made to Mr. Majors, or her, regarding Mr. Majors' medical condition. *See* Fed. R. Evid. 802, 803, and 804. Second, Plaintiff will likely attempt to introduce inadmissible hearsay regarding conversations that Mr. Majors, or she, had with non-medical MDOC staff regarding Mr. Majors' health and/or health care. *See* Fed. R. Evid. 802, 803, and 804.

First, Plaintiff is the sister of Mr. Majors and has no personal knowledge regarding the substance of any conversation Mr. Majors may have had with anyone (medical personnel and other prisoners). Second, any testimony she gives regarding

2

what other people said to her regarding Mr. Majors' medical condition is inadmissible hearsay. Fed. R. Evid. 602, 802, 803, and 804. Further, In *Field v. Trigg County Hosp., Inc.,* 386 F.3d 729, 731 (6th Cir. 2004), the Sixth Circuit considered a similar issue in the context of a defendant doctor who testified regarding statements made to him by two healthcare professionals with whom he consulted concerning Ms. Field's medical care. *Id.* at 731. According to Dr. Anderson, the Vanderbilt University Medical Center healthcare professionals told him that he was "doing everything appropriately," that "they would be doing the same thing," and that the main treatment is to elevate and monitor the leg. *Id.* at 735. At trial, Dr. Anderson testified over objection as to what the Vanderbilt healthcare professionals told him on the telephone. The Sixth Circuit opined that Dr. Anderson's "statements were hearsay because they went well beyond conveying that Dr. Anderson sought out a consultation to the entirely self-serving purpose of exposing the jury to the approving words of two purported experts from a purportedly esteemed medical institution." *Id.*

Similar to *Field*, Plaintiff has a self-serving purpose in attempting to testify as to what health care professionals told Mr. Majors, or her, about Mr. Majors' medical condition/symptoms and/or about damage allegedly caused by a delay in treatment. Plaintiff's only purpose in testifying as to what her brother's treating health care providers allegedly told him, or what health care providers told her, is to convince

the jury the truth of the statements made by those health care providers. Accordingly, such testimony is hearsay as was the similar testimony in *Field* because the statements are unreliable out-of-court statements. Here, as in *Field*, the Court should not allow Plaintiff to testify as to what Mr. Majors was allegedly told by health care professionals for two reasons. Plaintiff has no personal knowledge, and it is hearsay. No hearsay exception exists that would allow Plaintiff to testify as to what Mr. Major's treating healthcare providers told him about his condition, symptoms, treatment, damage, etc. Therefore, this court should grant Defendants' motion to exclude such testimony.

Plaintiff may attempt to apply Fed. R. Evid. 803(4) – Statements Made for Medical Diagnosis or Treatment; however, this situation is the <u>reverse</u> of what this exception allows because Plaintiff would be attempting to submit to the Court what healthcare providers allegedly told <u>Mr. Majors</u> rather than what Mr. Majors told his healthcare providers (or, even worse, what he told non-medical people). This exception allows statements of a present condition if made <u>to</u> a medical professional for purposes of diagnosis and treatment in view of the patient's strong motivation to be truthful. See *Notes of Advisory Committee on Proposed Rules*.

The exception to the rule against hearsay for statements made pursuant to medical treatment has four general dimensions: 1) **patient's statements** to a doctor regarding a present bodily condition, 2) **patient's statements** of medical history, 3)

**patient's statements** made to a treating physician concerning the cause or external source of a condition; and 4) **patient's statements** of past symptoms or medical history made to individuals other than a treating physician. Gray, 29 U. Balt. L. Rev. 237 - 281.

Plaintiff's testimony about statements made to Mr. Majors by health care professionals who treated him (or allegedly by/to/within earshot of non-medical people such as other prisoners and/or MDOC staff) would not have any of these four dimensions. Plaintiff would be attempting to testify as to what these people told Mr. Majors about his condition. First, Plaintiff is not the patient in this matter, therefore this exception does not apply. Second, the exception only applies to **patient statements** to healthcare providers that treated him, not what healthcare providers may have informed a patient. Therefore, since no hearsay exception applies, this Honorable Court should exclude any such testimony.

   B.  **Fed. R. Evid. 701 prevents Plaintiff from testifying as to her medical opinion, because a medical opinion requires specialized knowledge within the scope of Fed. R. Evid. 701— and Plaintiff is not qualified to give an expert medical opinion pursuant to Fed. R. Evid. 702.**

Plaintiff will likely attempt to testify herself regarding Mr. Majors' health and health care in a way that goes beyond the appropriate scope of lay testimony. *See* Fed. R. Evid. 701 and 702.

The Federal Rules are very clear as to what a lay witness may testify to:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a)   rationally based on the witness's perception;
>
> (b)   helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c)   **not based on scientific, technical, or other specialized knowledge** within the scope of Rule 702.

Fed. R. Evid. 701. (Emphasis added.)

Plaintiff is a lay witness and not a medical expert; therefore, her opinion testimony as to the diagnosis, causation, condition, prognosis, and/or proper treatment of his medical condition and/or damage allegedly caused by a delay in treatment must meet the strict requirements of Fed. Rule 701. Similarly, her opinion testimony regarding the appropriateness and/or adequacy of treatment provided must meet the strict requirements of Fed. R. Evid. 602 and 701.

Plaintiff should not be permitted to testify as to what Mr. Majors' diagnosis was or as to whether, when, or what kind of treatment he needed during his incarceration, because these inferences require specialized medical knowledge that Plaintiff does not have. Similarly, Plaintiff should not be permitted to testify as to whether or not the medical treatment Mr. Majors received was adequate or appropriate. The danger in not precluding such testimony is that Plaintiff's untrained opinions could be accepted as true. The Federal Rules are very clear as to what a lay

witness may testify to and specify that a lay witness may not offer testimony that is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. In other words, a lay witness may not offer expert testimony.

*Heritage Mutual Ins. Co. v. Reck*, 127 Fed. Appx. 194, 196 (6th Cir. 2005) involved an insurance coverage dispute following an automobile accident in which Ms. Reck's vehicle had crossed over the median into oncoming traffic for unknown reasons and hit a van. *Heritage* alleged that Ms. Reck caused the accident herself. Eyewitness Ms. Lonnemann's testimony included her opinion that once Ms. Reck was in the high-speed lane, if she had turned the wheel a little to the right, her vehicle would not have gone into the median. *Heritage Mut. Ins. Co. v. Reck* at 196. Ms. Reck argued that the district court should not have permitted the opinion testimony of eyewitness Ms. Lonnemann, claiming that Ms. Lonnemann's testimony failed to meet the requirements of Rule 701. *Id.* at 197. The Sixth Circuit held that Ms. Lonnemann's opinion testimony was admissible, because it was not "based on scientific, technical or other specialized knowledge." Specifically, the panel opined that Ms. Lonnemann could offer her opinion because it was based on "common driving" knowledge and experience. *Id.* at 199.

Unlike Ms. Lonnemann's opinion testimony in *Heritage Mutual* that related to driving and stemmed from knowledge common to anyone with driving

7

experience, Plaintiff's opinion testimony in this case would concern Mr. Majors' medical condition and treatment. Medical conditions, unlike driving, are the domain of medical professionals who are experienced in examining and treating such conditions. Fed. R. Evid. 701 precludes Plaintiff from giving opinions about the nature of the condition; the adequacy, appropriateness, or timing of treatment; his alleged damages; and other, similar opinions that require specialized medical knowledge.

Plaintiff has no training, skill, or expertise in medicine. Therefore, her opinions as to Mr. Majors' medical problems would not rest on a foundation of any personal knowledge, but would be based purely in conjecture, and would be misleading to the factfinder. Only medical expert(s) having a specialized understanding of the subject involved in the dispute can provide enlightenment to the trier of fact. This Honorable Court should not permit Plaintiff to give any opinion with respect to the nature of Mr. Majors' condition; the adequacy, appropriateness, or necessity of any particular treatment plan, and/or damage allegedly caused by a delay in treatment because Plaintiff cannot be qualified as an expert under Fed. R. Evid. 702.

Fed. R. Evid. 702 says that, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion…" Fed. R. Evid. 702. Further to provide expert testimony, the individual

"must have such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth." *See Bridger v. Union R. Co*., 355 F.2d 382 (6th Cir. 1966). In determining whether or not a person may testify as an expert witness, the court must consider: 1) if the witness has established his expertise by reference to knowledge, skill, experience, training, or education; 2) if the proffered testimony is reliable; and 3) if the expert's testimony will assist the trier of fact in understanding and disposing the relevant issues in the case. *See Pride v. BIC Corp*., 218 F.3d 566, 577-78 (6th Cir. 2000).

Plaintiff cannot establish that she is either trained or experienced in medical science. Accordingly, therefore she is not qualified as an expert under Fed. R. Evid. 702. This Honorable Court should not permit Plaintiff to offer any <u>opinions</u> regarding Mr. Majors' medical condition and/or medical treatment.

Recently, on December 16, 2022, this Court issued its ruling on whether summary judgment was proper on all of Plaintiff's claims due to Plaintiff having no expert witnesses to support her case. (**ECF No. 211, PageID.3570**).  This court denied the motion.  (*Id.*). The Defendants' Motion for Summary Judgment (**ECF No. 201, PageID.3399**) was filed based upon *Phillips v. Tangilag*, 14 F4th 524, 535, 2021 (6th Cir. 2021).  It should be clear, however, that this Court allowed Plaintiff's case to proceed to trial solely because Plaintiff was presenting an alternative *"no*

*treatment theory"* to the jury to satisfy the objective component, and because the 6th Circuit Court of Appeals had already decided that Plaintiff's claim could survive summary judgment against PA Kakani and PA LaNore. (**ECF No. 211, PageID.3570 to 3573**).

Therefore, even though Plaintiff's case survives summary judgment, this Court's ruling should not be interpreted to mean that, at trial, Plaintiff can circumvent matters requiring expert testimony and present a lay witness to talk about issues requiring medical expertise. Furthermore, the court was clear in its order that Plaintiff is not allowed to attempt to call Defendants' experts at trial. (**ECF No. 214, PageID.3579**).

*Phillips* clearly holds that expert testimony is required to prove both the objective component of deliberate indifference[1] and the proximate cause component of deliberate indifference:

> Only grossly or woefully inadequate care—not just care that falls below a professional standard—can be called "cruel and unusual." (citations omitted)…
>
> **For prisoners to prove grossly inadequate care, moreover, courts generally require them to introduce medical evidence, typically in the form of expert testimony.** *See Rhinehart*, 894 F.3d at 737, 740-43; *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001). This medical-evidence requirement makes sense in a world in which the

---

[1] It is only because Plaintiff intends to argue that Plaintiff received no treatment at all that her case can survive summary judgment. But still, Plaintiff must comply with the Rules of Evidence at trial. (**ECF No. 211, PageID.3570 to 3573**).

Supreme Court looks to the "evolving standards of decency" to determine the Eighth Amendment's standards. *Estelle*, 429 U.S. at 106.

As to the proximate cause component, the *Phillips* court held that expert testimony is also required to show precisely how the delay in treatment and/or alleged nontreatment harmed the patient and caused damages:

> Phillips needed to "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Santiago*, 734 F.3d at 590 (quoting *Napier*, 238 F.3d at 742). But **he presented no medical evidence showing that any delay in the reassessment exacerbated any harm**. **There is no evidence, for example, that surgery would have been proper if the prison staff had reevaluated him sooner.** Even Dr. Clifford—who allegedly said that Phillips's leg should have been "fixed" back in 2014 (if at all)—had "[a]bsolutely" no criticisms with the care he received.

*Phillips, supra* at 538-539.

To the extent that at trial Plaintiff attempts to testify herself[2] about the care provided by Defendants being allegedly grossly or woefully inadequate, any such testimony should be precluded, since the proper treatment for multiple sclerosis and use of biologics (e.g., Interferon, etc.) requires expert medical expertise. Similarly, any attempts by Plaintiff to discuss proximate cause matters (e.g., **(a)** whether the alleged delay exacerbated Mr. Majors' condition, **(b)** when should treatment have been started and what should the treatment have entailed, **(c)** what would have likely

---

[2] Per the Court's Opinion and Order dated December 21, 2022, the only witness that Plaintiff can call, other than the two Defendants Kakani and LaNore, **is herself** and records custodians solely "to authenticate" medical records. (**ECF No. 214, PageID.3580**).

happened to Mr. Majors' had he been evaluated or treated sooner, **(d)** whether the treatment delays or the type of treatment that was rendered caused any damages or his death, and/or **(e)** cause of death or similar matter) <u>should be precluded</u>. Furthermore, Plaintiff cannot use a records custodian to talk about such issues, since the court has ordered that the records custodians can only be called by Plaintiff "to authenticate" records that Plaintiff wishes to introduce, and nothing more. (**ECF No. 214, PageID.3580**).

Pursuant to Fed. R. Civ. P. 26(a)(2)(A)(B), <u>"a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705," and must provide a written report</u>. **<u>Plaintiff failed to do this with respect to any witnesses, including Plaintiff Lonzo, or PA Kakani and PA LaNore.</u>** This court was very clear that by Plaintiff's failure to comply with Fed. R. Civ. P. 26 and "not properly disclosing information or identifying a witness," Plaintiff is "not allowed to use that…witness to supply evidence at trial." (**ECF No. 215, PageID.3579**).  Therefore, Plaintiff would be precluded at trial from using her own testimony or records custodians to discuss the meaning and the interpretation of medical records and medical terminology, opinion testimony as to the inadequacy or standards of care for any treatment that was provided, and the diagnosis, causation, condition, prognosis, and/or proper treatment of Mr. Majors' medical condition and/or damage allegedly caused by a delay in

treatment.  Nor can PA Kakani and PA LaNore be compelled at trial by Plaintiff to discuss their opinions regarding medical records, especially outside medical records, nor to discuss records that they did not prepare if they choose not do so.

### III.   <u>RELIEF SOUGHT</u>

WHEREFORE, Defendants SAVITHRI KAKANI, P.A. and THOMAS LANORE, P.A., respectfully request that this Honorable Court enter an Order precluding Plaintiff from introducing hearsay regarding Mr. Majors' health and/or health care and from testifying beyond the appropriate scope of lay testimony.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: January 4, 2023

*/s/ Devlin K. Scarber*
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Devlin K. Scarber (P64532)
Jeffrey L. Bomber (P85407)
Attorneys for Defendants Savithri Kakani, P.A. and Thomas LaNore, P.A.
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

13

## **PROOF OF SERVICE**

I hereby certify that on January 4, 2023 I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

*/s/ Devlin Scarber*
Devlin K. Scarber (P64532)
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com

## **LOCAL RULE CERTIFICATION**

I, Devlin Scarber, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: January 4, 2023

*/s/ Devlin K. Scarber*
Devlin K. Scarber
1441 W. Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326