## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Re'shane Lonzo, Personal Representative
of the Estate of Richie Majors, Deceased,

      Plaintiff,

v.

Gerlach et al,

      Defendants,

Case No.: 2:16-cv-13672
District Judge: Mark A. Goldsmith
Magistrate Judge: David R. Grand

| RADNER LAW GROUP, PLLC | CHAPMAN LAW GROUP |
|---|---|
| Solomon Radner (P73653) | Ronald W. Chapman Sr., M.P.A., |
| Keith Altman (P81702) | LL.M. (P37603) |
| *Attorneys for Plaintiff* | Devlin K. Scarber (P64532) |
| 17515 W. Nine Mile Rd. Suite 1175 | Jeffrey L. Bomber (P85407) |
| Southfield, MI 48075 | *Attorneys for Savithri Kakani, P.A.* |
| (313) 355-3425 | *and Thomas LaNore, P.A.* |
| solomon@radnerlawgroup.com | 1441 West Long Lake Rd., Suite 310 |
| keithaltman@kaltmanlaw.com | Troy, MI 48098 |
| | (248) 644-6326 |
| | dscarber@chapmanlawgroup.com |
| | jbomber@chapmanlawgroup.com |

## **PROPOSED JURY INSTRUCTIONS**

## CV 2.01 – Introduction

Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements of the claim(s) made by the plaintiff.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then the lawyers for the parties will make their closing arguments.

After closing arguments, I will then explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## CV 2.01A - More Than One Defendant

Although there is more than one defendant in this action, it does not follow from that fact alone that if one is liable, all are liable. Each defendant's defense is entitled to fair consideration by you and is not to be prejudiced by the fact, if it should become a fact, that you find against another defendant. Unless otherwise stated, all instructions apply to each defendant.

The only Defendants in this lawsuit are physician assistant Savithri Kakakai, and physician assistant Thomas LaNore.

**CV 2.02 - Jurors' Duties**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you have seen and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide what claims, if any, plaintiff has proved by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these jury instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## CV 2.03 – All Persons Equal Before the Law – Individuals

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. All persons stand equal before the law and are to be treated as equals.

## CV 2.04 - Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the depositions which were read into evidence or which you watched on the video screen, the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record, or I allowed some evidence to be considered by you for a limited purpose. You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted. Do not speculate about what a witness might have said or what an exhibit might have shown. Things that are not evidence are not to influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**CV 2.05 - Consideration of Evidence**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

### CV 2.06 - Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that it is raining outside, and you believed the witness, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CV 2.07 - Credibility of Witnesses

Another part of your duties as jurors is to decide how credible or believable each witness was. This is your duty, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to any party in this case, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that

might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## CV 2.08 - Number of Witnesses and Evidence Presented

The number of witnesses who testified makes no difference.

Do not make any decision based only on the number of witnesses who testified, or quantity of evidence presented. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy. Concentrate on that, not the numbers.

**CV 2.08A - All Available Evidence Need Not Be Produced**

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## CV 2.08B - Single Witness

The testimony of a single witness which produces in your mind's belief in the likelihood of truth is sufficient for the proof of any fact and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

## CV 2.08C - Not Required to Accept Uncontradicted Testimony

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

## CV 2.14 - Lawyers' Objections

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on any opinion I might have about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## CV 3.01 – Introduction

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of the plaintiff's claims against the defendants.

But before I do that, I want to emphasize that this trial is only on the particular claims alleged in plaintiff's complaint filed in this case. Your job is limited to deciding whether the plaintiff has proved the claim(s) alleged in this case.

## CV 3.02 – Preponderance of the Evidence

The burden is on each plaintiff to prove every essential element of a claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

To establish by a preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

This rule does not, of course, require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.  Furthermore, this does not require proof beyond a reasonable doubt.  Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.

## CV 3.02A – Burden of Proof

In these instructions you are told that your verdict depends on whether you find certain facts have been proven.  The burden of proving a fact is upon the party whose claim [or defense] depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

## NATURE OF THE ACTION

In this case, Plaintiff Re'Shane Lonzo, in her capacity as the Personal Representative of the Estate of Richie Majors, deceased, has asserted a claim of deliberate indifference pursuant to 42 U.S.C. § 1983 against the Defendants in this matter, Savithri Kakani, P.A., and Thomas LaNore, P.A., who were working as healthcare professionals within Michigan Department of Corrections Facilities, alleging that their conduct resulted in alleged injuries and the wrongful death of Mr. Majors.

## 42 U.S.C. § 1983 – Violation of the Eighth Amendment, Deliberate Indifference to Serious Medical Needs

Plaintiff's cause of action against Defendants is a civil rights action under 42 U.S.C. § 1983. Plaintiff claims that Defendants deprived Richie Majors of his federal rights under the Eighth Amendment to the United States Constitution which includes a right to necessary medical care. Specifically, Plaintiff claims that, while Mr. Majors was an inmate within the Michigan Department of Corrections, he was denied necessary treatment for his serious medical condition of multiple sclerosis.

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishment." This protection includes a right to be free from deliberate indifference to an inmate's serious medical needs. Thus, a defendant would violate that right if he or she was deliberately indifferent to an inmate's serious medical needs. Defendants deny they deprived plaintiff of his rights under the Eighth

Amendment.  I will explain the elements of deliberate indifference to you later in these instructions.

**CV 3.03 – Specific Elements of Claims – Elements of a Section 1983 Claim**

I will now discuss the specific elements of deliberate indifference.

Plaintiff Re'Shane Lonzo has brought deliberate indifference claims against two (2) physicians assistants (Thomas LaNore and Savithri Kakani) who were working as healthcare professionals within Michigan Department of Corrections.

In order to show that his Eighth Amendment rights were violated, Plaintiff must prove all of the following elements by a preponderance of the evidence:

First: That Mr. Majors had a serious medical need;

Second: That the individual defendant had actual knowledge of the serious medical need at the time of his or her involvement with Mr. Majors;

Third: That the individual defendant, with deliberate indifference to the serious medical need, failed to provide Mr. Majors with appropriate medical care within a reasonable time; and

Fourth: That the individual defendant's deliberate indifference to the serious medical need was the proximate cause of Mr. Majors' injuries.

If Plaintiff, Re'Shane Lonzo, proves these elements as to an individual defendant, you must find for the Plaintiff. If he fails to prove any one of these elements, you must find for the individual defendant.

## CV 3.03(1) – Serious Medical Need

I will now give you the definition of a serious medical need. A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

## CV 3.03(2) – Eighth Amendment Deliberate Indifference

I will now define deliberate indifference. A defendant acted with deliberate indifference to Plaintiff's serious medical need if he or she actually knew of a substantial risk of serious harm to Plaintiff's health and consciously disregarded that risk by failing to take reasonable measures to address the risk.

Deliberate indifference entails something more than mere negligence. The Plaintiff must show that the Defendant acted with a mental state equivalent to criminal recklessness.

To act "deliberately" means to act intentionally; that is knowingly and voluntarily and not because of mistake or accident. Further disagreement with medical judgment or a difference of medical opinion is insufficient to establish deliberate indifference.

*Rhinehart v. Scutt*, 894 F.3d 721, 736-737; 738; 751 (6th Cir. 2018).

## CV 3.03A – Proximate Cause – Section 1983 Claim

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

## CV 3.03B – Proximate Cause and Proximately Contributed – Section 1983 Claim

As previously instructed, "proximate cause or proximately contributed" means, first, that there must have been a connection between the defendant's actions and the plaintiff's injury and, second, that the occurrence which is claimed to have produced the injury was a natural and probable result of the defendant's conduct.

## CV 3.04 – Consider Damages Only If Necessary

If the plaintiff has proven a claim against the defendants by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.  It is your task first to decide whether the defendants are liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the defendants liable and that the plaintiff is entitled to recover money from the defendants.

## CV 3.04A – Damages – Reasonable – Not Speculative

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's acts or omissions. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible. They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

**Wrongful Death—Damages**

Such damages may include the following items, to the extent you find they have been proved by the evidence:

(1)   *(reasonable medical, hospital, funeral and burial expenses)

(2)   *(reasonable compensation for the pain and suffering undergone by Richie Majors while he was conscious during the time between his injury and his death,

(3)   *(losses suffered by Richie Majors' surviving family members as a result of Richie Majors' death, including:

    (a)   loss of financial support

    (b)   loss of service

    (c) loss of gifts or other valuable gratuities

    (d)   loss of parental training and guidance

    (e)   loss of society and companionship

*Note on Use*
    *Include only such of the listed elements of damage as are properly claimed and supported by evidence. If there is proof of additional elements of damage which are appropriate under the statute, they should be added to this instruction. If any item of damage is admitted or established by undisputed evidence, the jury should be so instructed when such item is mentioned in this instruction.

**Objection:   Defendant objects that for many of these damages are not applicable, or there is no evidence to be submitted.  For example, there are no medical bills and Plaintiff's evidence is limited by Court order (ECF No. 214).**

## CV 3.04E – Duty to Mitigate Damages

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages -- that is, to take advantage of any reasonable opportunity the person may have had under the circumstances, or will have, to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the plaintiff or plaintiff's decedent failed to seek out or take advantage of an opportunity that was reasonably available under all of the circumstances shown by the evidence, then you should reduce the amount of plaintiff's damages by the amount the plaintiff could have reasonably realized or will reasonably realize if the plaintiff takes advantage of such opportunities.

**CV 4.01 – Introduction**

That concludes the part of my instructions explaining the elements of the claims made by plaintiff and how to calculate damages if you find that damages should be awarded.  Next, I will explain some rules that you must use in considering some of the testimony and evidence.

**CV 4.02 – Limited Purpose Evidence**

The evidence [of              ] [you are about to hear] [you have just heard] may

be considered only for the limited purpose of [fill in] and for no other purpose.

## CV 4.03 – Testimony of Expert Witness

During the trial you heard the testimony of Chakrapani Ranganathan, M.D., and Randall Stoltz, M.D., C.C.H.P., who were both described as experts in their respective fields of neurology, neurophysiology, correctional medicine, family medicine, and treatment of multiple sclerosis.  There witnesses were permitted to testify even though they did not actually witness any of the events involved in this trial.

A person's training and experience may make that witness a true expert in a technical field. The law allows that person to state an opinion here about matters in that particular field. Merely because a witness has expressed an opinion does not mean, however, that you must accept this opinion. The same as with any other witness, it is up to you to decide whether you believe their testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the witness's background of training and experience is sufficient for the witness to give the expert opinion that you heard. You must also decide whether the witness's opinions were based on sound reasons, judgment, and information.

## CV 4.03A – Compensation of Expert Witnesses

During the trial, witnesses who gave opinions may have been asked if they had been or would be compensated for their services.

It is not improper for a witness who gave an opinion to be compensated for services. It is a customary and accepted procedure. No possible suggestion of impropriety results from the compensation for the services of such a witness, including compensation for giving testimony at trial.

During the trial you heard the testimony of Chakrapani Ranganathan, M.D., and Randall Stoltz, M.D., C.C.H.P., who were both described as experts in their respective fields of neurology, neurophysiology, correctional medicine, family medicine, and treatment of multiple sclerosis.  These witnesses were permitted to testify even though they did not actually witness any of the events involved in this trial.

A person's training and experience may make that witness a true expert in a technical field. The law allows that person to state an opinion here about matters in that particular field. Merely because a witness has expressed an opinion does not mean, however, that you must accept this opinion. The same as with any other witness, it is up to you to decide whether you believe their testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the witness's background of training and experience is sufficient for the witness to give

the expert opinion that you heard. You must also decide whether the witness's opinions were based on sound reasons, judgment, and information.

## CV 4.04 – Summaries Not Admitted in Evidence

You have seen some charts and summaries that were not received in evidence that may help explain the evidence.  Their only purpose is to help explain the evidence.  These charts and timelines are not themselves evidence or proof of any facts.

**CV 4.05 – Impeachment – Inconsistent Statement (Prior Conviction)**

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to his or her testimony.

**CV 4.06 – Impeachment by Prior Inconsistent Statement Not Under Oath**

You have heard the testimony of [name]. You have also heard that before this trial that this witness made a statement that may be different from that witness's testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable this witness's testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating this witness's testimony here in court.

**CV 4.06W – Witness Who Has Been Interviewed by An Attorney**

It has been brought out that an attorney has talked with witnesses. There is nothing wrong with an attorney talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

## CV 5.01 – Introduction

Now let me conclude by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any question or message, you must write it down on a piece of paper, sign it, and then give it to the jury officer. The officer will give the message to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any question or message normally should be sent to me through your foreperson.

You will be given the documents that were admitted into evidence. If you want to see any of the exhibits that were admitted into evidence and which you do not have, you may send me a message, and those exhibits will be provided to you. One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split, or whatever your vote happens to be. That should stay secret until you are finished.

## CV 5.02 – Research and Investigation

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  The instructions I have given you throughout trial also apply to your deliberations.  Do not try to gather any information about the case on your own.  Do not bring any book, like a dictionary, or anything else with you to help you with your deliberations.  Do not conduct any independent research, reading, or investigation about the case.

In addition to not discussing the case with anyone in person or on the telephone, you are not to use electronic communications about this case with anyone until you have reached your final conclusion in the case, and you are told that you can discuss the case under the conditions that I will describe to you at that time. It would violate your oath, for example, to try to keep a family member, friend, or the media up-to-date about what is happening during the trial or while you are in the jury room. For example, do not use email, or a site such as Twitter to communicate about the case. Such communications, whether you intend so or not, would involve people who are not jurors in possibly influencing you in your decision at the conclusion of the trial. These people have not taken your oath to make a decision based solely on the evidence that you hear in court. Remember, both parties are entitled to a fair trial by you, and you must follow the instructions as to the law that I am giving you now and that I gave you throughout the trial.  Make your decision based only on the evidence that you saw and heard here in court.

## CV 5.03 – Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

Also, be mindful that you each may process information differently or have different approaches to your deliberations.  For example, some of you may need to think quietly while others may want to openly discuss their thoughts.  It may take more time for some of you, than for others, to reach a decision.  Be patient and considerate of each other's needs as you deliberate.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself whether plaintiffs' claims were proved by a preponderance of the evidence.

**CV 5.03A – Notes**

During the trial, I permitted you to take notes and I have noticed that several of you have done so.  As I said at the beginning of the trial, there is always a tendency to attach undue importance to matters which one has written down.  Some testimony which is considered unimportant at the time presented, and thus was not written down, may have taken on greater importance later in the trial in light of all the evidence presented.  Therefore, you are again instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence and may not be a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

**CV 5.04 – Verdict Form**

I have prepared verdict forms for your use.  A verdict form is simply the written notice of your decision.  Whatever decision you reach in this case must be the unanimous decision of all of you.  When all of you agree upon a verdict, it will be received as your verdict.  **[EXPLAIN FORM]**

When you answer one or all of these questions regarding one of the plaintiffs, you should then answer the questions for the other plaintiff.  Your foreperson should sign and date both verdict forms.

After both verdict forms are completed, your foreperson should give a written note to the bailiff.  That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom. The parties will then be informed of your verdict.

## CV 5.05 – Court Has No Opinion

Let me emphasize something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves whether the plaintiff's claims were proved by a preponderance of the evidence.